STRINGER, Judge.
Appellants Robert F. Dakin and his wife, Barbara Dakin, and Louis Hicks and his wife, Joan Hicks, seek review of a final judgment against them on their complaint alleging causes of action for nuisance, slander of title, trespass to real property, conversion, and injunctive relief against Ap-pellees John Borgemeister and his wife, Peggy Borgemeister; Tara Investment Group, Inc. d/b/a Billboard Displays (“Tara”); and Hallmark Media Group, Inc. (“Hallmark”). Tara and Hallmark are outdoor advertising companies owned by Mr. Borgemeister and Mrs. Borgemeister, respectively.
All of the alleged causes of action arose from a dispute involving the ownership of two billboards located on a parcel of real estate in Highlands County. In 1986 Mr. Borgemeister purchased the property subject to a purchase money mortgage held by Barnett Bank. Mr. Borgemeister subsequently erected the billboards and leased the property to Tara for a term of 100 years. He then sold the property to C.A.R.D. Enterprises, Inc. (“C.A.R.D.”) and a Mr. and Mrs. Djubin, who assumed the mortgage with Barnett’s consent. Mr. Borgemeister also modified Tara’s lease to reflect the new owners and to restrict the leased area to the property occupied by the billboards. C.A.R.D. and the Djubins eventually defaulted on the mortgage, and Barnett obtained a final judgment of foreclosure against C.A.R.D., the Djubins, and Tara. Barnett then acquired the property at the foreclosure sale and sold the property to the Hicks.
When the Hicks attempted to rent out the billboards, they discovered that the Borgemeisters were claiming ownership of them, and this action ensued.[1] Prior to trial, the court entered a final default judgment against Mrs. Borgemeister on the issue of liability. After trial, the jury returned verdicts of no liability as to Mr. Borgemeister and Tara and awarded zero damages against Mrs. Borgemeister, and the court entered a final judgment for the Borgemeisters, Tara, and Hallmark.[2]
Appellants now seek review of the final judgment and several of the trial court’s interlocutory rulings. We affirm without *1224 discussion the trial court’s denial of (1) Appellants’ motion for directed verdict as to Appellees’ liability and (2) Appellants’ motion for leave to amend their complaint to seek punitive damages. We conclude, however, that the trial court’s erroneous denial of Appellants’ motion for directed verdict on the issue of ownership of the billboards requires reversal for a new trial. Our reversal renders the remaining issues raised by Appellants moot.
In the final judgment of foreclosure against Tara, the court found that Barnett’s security interest was “superior to all rights, claim[s], interest, encumbrances, and equities of each and every defendant.” After the foreclosure sale, Barnett received a certificate of title which included “all rights of the borrower in the Collateral,” which is described in the mortgage as the realty and “all the improvements now or hereafter erected on such property and all fixtures now or hereafter attached thereto.” The mortgage further provided that it would “automatically attach, without further act, to all after acquired property of whatever kind located in or on or attached to ... the Mortgaged Property.”
Appellees’ claim of ownership of the billboards arises through Mr. Borgemeister’s lease of the property occupied by the billboards to Tara. It is clear that the matter of the ownership of the billboards was determined against Tara in the foreclosure action, and the trial court should have decided this issue as a matter of law.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.

. After the complaint was filed, the Dakins purchased the property from the Hicks.

. The only count of the complaint involving Hallmark was a claim for injunctive relief against Hallmark in count six which the trial court denied in the final judgment.